# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-4544-16T3
                    A-4545-16T3

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

     Plaintiff-Respondent,

v.

K.B. and M.M.,

     Defendants-Appellants,

_____

IN THE MATTER OF THE GUARDIANSHIP
OF M.M., a minor.

_____

Submitted September 24, 2018 – Decided October 1, 2018

Before Judges Sabatino and Mitterhoff.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Sussex County, Docket No. FG-19-0027-16.

Joseph E. Krakora, Public Defender, attorney for appellant K.B. in A-4544-16 (Carol A. Weil, Designated Counsel, of counsel and on the briefs).

Joseph E. Krakora, Public Defender, attorney for appellant M.M. in A-4545-16 (Lauren Derasmo, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent in A-4544-16 and A-4545-16 (Jason W. Rockwell, Assistant Attorney General, of counsel; Victoria A. Galinski, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor in A-4544-16 and A-4545-16 (Charles M. Ouslander, Designated Counsel, on the brief).

PER CURIAM

In these consolidated appeals, the mother, defendant K.B., and the father, defendant M.M., each seek reversal of the trial court's termination of their respective parental rights as their son, M.M.[1]

The son was born in January 2015. The Division of Child Protection and Permanency ("Division"), which was already aware of the mother's pregnancy, was notified by the hospital that the child tested positive for several drugs at birth. In addition, the Division had a prior history with the mother due to concerns about her substance abuse and the physical neglect of her daughter,

---

[1] We use initials in this opinion to protect the parties' privacy. R. 1:38-3(d)(12). Because the defendant father and the minor son both share the same initials (M.M.), we shall refer to them as "father" and "son."

G.B., which resulted in the removal of G.B. from the mother nine months before the son's birth. The mother's parental rights to G.B. were terminated in 2016.

Nine days after his birth, the son was removed by the Division and placed with resource parents. He has lived with them ever since, and they wish to adopt him.

The father, who the Division ultimately identified through paternity testing, also has a previous history with the Division. His older child is in the custody of her maternal grandparents.

Both parents have a prolonged history of drug abuse, incarceration, unstable housing, and a host of other behavioral problems. The Division offered them both many services, which were not successful, mainly due to the father's lack of cooperation and the mother's failure to remain in contact with caseworkers. The mother missed numerous visits, and dropped out of sight at times. She walked out of the bonding evaluation before it was completed. The father did cooperate with the bonding evaluation, but the expert conducting that evaluation, Dr. Michael Singer, concluded the son's best interests are in remaining with the resource parents. There are no suitable relative caretakers.

Both parents failed to appear at the guardianship trial. They put on no competing witnesses. Judge Michael C. Gaus, who presided over the trial, found

the Division had proven all four prongs of the termination statute, N.J.S.A. 30:4C-15.1(a), by clear and convincing evidence.

On appeal, the father challenges the court's findings on all four prongs of the statute, while the mother only challenges the findings on prongs three and four.  In essence, the parents argue the trial court's findings are not supported by the weight of the evidence and the Division and the court did not adequately explore alternatives to adoption.  The parents also contend they were not afforded adequate visitation and other resources.  The Law Guardian has joined with the Division in urging us to affirm the trial court's decision.

"Review of a trial court's termination of parental rights is limited."  N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 278 (2007).  An appellate court must uphold the trial court's factual findings if they are supported by adequate, substantial, credible evidence in the record.  N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448-49 (2012); M.M., 189 N.J. at 279.  Moreover, credibility determinations are entitled to particular deference due to the trial court's superior ability to evaluate the veracity of witnesses who testified before it.  N.J. Div. of Youth & Family Servs. v. R.G., 217 N.J. 527, 552 (2014); F.M., 211 N.J. at 448; M.M., 189 N.J. at 279.

A-4544-16T3

Applying this standard of review to defendants' arguments in light of the record, we affirm the termination of their respective parental rights, substantially for the sound reasons expressed in Judge Gaus's June 12, 2017 written opinion. The court's decision is amply supported by substantial credible evidence in the record and does not misapply the governing law. Although we recognize that the son is presently only three years of age, the unrefuted proofs presented by the Division showing defendants' inability to raise him, their past failures respecting their other children, the Division's reasonable efforts to provide services, and the child's strong bond with his resource parents, all heavily support the four statutory criteria.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4544-16T3